IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DONNELL A. THOMAS,<br><br>Defendant. | No. CR08-4053-MWB<br><br>**ORDER CONCERNING MAGISTRATE'S REPORT AND RECOMMENDATION REGARDING DEFENDANT'S GUILTY PLEA** |

_____

## *I. INTRODUCTION AND BACKGROUND*

On April 22, 2009, a second superseding indictment was returned against defendant Donnell A. Thomas, charging defendant with conspiring to distribute 50 grams or more of crack cocaine, having previously been convicted of a felony drug offense, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, and 851, possessing with intent to distribute 1 gram or more of crack cocaine, having previously been convicted of a felony drug offense, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 851, and possession of a firearm in furtherance of a drug trafficking crime, in violation of 21 U.S.C. § 924(c)(1)(A). On July 1, 2009, defendant appeared before Chief United States Magistrate Judge Paul A. Zoss and entered a plea of guilty to Counts 1 and 2 of the second superseding indictment. On this same date, Judge Zoss filed a Report and Recommendation in which he recommends that defendant's guilty plea be accepted. No objections to Judge Zoss's Report and Recommendation were filed. The court, therefore, undertakes the necessary review of Judge Zoss's recommendation to accept defendant's plea in this case.

## II. ANALYSIS

The court reviews the magistrate judge's report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); *see* Fed. R. Civ. P. 72(b) (stating identical requirements); N.D. IA. L.R. 7.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court *may* review de novo any issue in a magistrate judge's report and recommendation at any time. *Id.* If a party files an objection to the magistrate judge's report and recommendation, however, the district court *must* "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate."

2

*Thomas*, 474 U.S. at 150.

In this case, no objections have been filed. As a result, the court has reviewed the magistrate judge's report and recommendation under a clearly erroneous standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting the advisory committee's note to Fed. R. Civ. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"). After conducting its review, the court is not "'left with [a] definite and firm conviction that a mistake has been committed,'" and finds no reason to reject or modify the magistrate judge's recommendation. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Therefore, the court **accepts** Judge Zoss's Report and Recommendation of July 1, 2009, and accepts defendant's plea of guilty in this case to Counts 1 and 2 of the second superseding indictment.

**IT IS SO ORDERED.**

**DATED** this 16th day of July, 2009.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

3