IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) No. CR 08-4053-LTS |
| vs. | ) |
| DONNELL THOMAS, | ) |
| Defendant. | ) |

**RESPONSE TO DEFENDANT'S MOTION FOR REDUCED SENTENCE PURSUANT TO THE FIRST STEP ACT**

The United States files its response to defendant's motion for reduced sentence pursuant to Section 404 of the First Step Act, Public Law 115-391, 132 Stat 5194 (2018) ("First Step Act"). For the reasons stated below, the government does not resist defendant's motion.

TABLE OF CONTENTS

I.   THE FIRST STEP ACT ................................................................................ 2

II.  DEFENDANT'S ELIGIBILITY FOR A REDUCED SENTENCE .............. 3

   A.  Whether Defendant's Sentence was for a "Covered Offense" ....... 4

   B.  Whether the Sentence Could Have Been Lower if Section 2 of
       the FSA 2010 Had Been in Effect ....................................................... 5

III. EXTENT OF REDUCTION ........................................................................ 9

V.   FURTHER PROCEEDINGS ....................................................................... 9

VI.  CONCLUSION ............................................................................................ 11

## I. THE FIRST STEP ACT

The First Step Act, enacted on December 21, 2018, authorizes retroactive application of part of the Fair Sentencing Act of 2010 ("FSA 2010") to certain defendants. Specifically, section 404 of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed." Section 404, Public Law 115-391, 132 Stat 5194 (2018) (hereinafter cited as "First Step Act).

Section 3 of the FSA 2010 is not relevant to the motion currently before the Court.[1] Section 2 of the FSA 2010 increased the quantity of cocaine base, commonly called crack cocaine, necessary to trigger mandatory minimum sentences under 21 U.S.C. §§ 841(b)(1)(A) and 841(b)(1)(B), as follows:

|  | Statutory Penalties[2] | Crack cocaine quantity pre-FSA 2010 | Crack cocaine quantity post-FSA 2010 |
| --- | --- | --- | --- |
| 841(b)(1)(A) | 10 years – life<br>20 years – life [single 851]<br>Mandatory life [double 851] | 50 grams | 280 grams |
| 841(b)(1)(B) | 5 years – 40 years<br>10 years – life [single 851]<br>10 years – life [double 851] | 5 grams | 28 grams |

---

[1] Section 3 of the FSA 2010 eliminated the provision in 21 U.S.C. § 844(a) which had imposed a five-year mandatory minimum sentence for simple possession of five grams or more of crack cocaine.

[2] The FSA 2010 did not change any of the statutory penalties found under 21 U.S.C. § 841. Instead, it only changed the amount of crack cocaine necessary to trigger those penalties.

Finally, the First Step Act makes a reduced sentence entirely discretionary, noting that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." Section 404(c), First Step Act. In determining whether the Court should grant a sentence reduction to an eligible defendant, the Court may consider the presentence report and should assess the ordinary considerations pertinent to sentencing as set forth in 18 U.S.C. § 3553(a). In addition, under *Pepper v. United States*, 562 U.S. 476 (2011), the Court may consider post-offense conduct, either positive or negative, in assessing whether to adjust a previously imposed sentence.

## II. DEFENDANT'S ELIGIBILITY FOR A REDUCED SENTENCE

Not all defendants who were convicted of a crack cocaine offense are eligible for a reduction under the First Step Act. The First Step Act authorizes courts to "impose a reduced sentence as if [the increased crack cocaine thresholds set forth in section 2 of the FSA 2010] were in effect at the time the covered offense was committed." Section 404(b), First Step Act. Therefore, Section 404 of the First Step Act permits a court to reduce a sentence only when the sentence was for a "covered offense" and only when the sentence was based on a statutory provision changed by Section 2 (or Section 3) of the FSA 2010. Stated differently, the First Step Act permits a court to act as if the provisions of the FSA 2010 increasing quantity thresholds were in effect at the time of sentencing, and nothing more. As recently stated by another court, "[i]n sum, the Court now may, but is not required to, reduce a defendant's sentence if application of a statutory range changed by the Fair

3

Sentencing Act would have resulted in a sentence lower than the defendant's original sentence." *United States v. Copple*, 2019 WL 486440, *1 (S.D. Illinois, Feb. 7, 2019).

### A. <u>Whether Defendant's Sentence was for a "Covered Offense"</u>

The first eligibility requirement is that the defendant was sentenced for a "covered offense." A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." Section 404(a), First Step Act of 2018.

In this case, defendant was charged in a Second Superseding Indictment in April 2009, with two separate crack cocaine charges and a gun charge. (Docket # 66). In Count 1, defendant was charged with conspiracy to distribute 50 grams or more of crack cocaine, after a prior felony drug conviction, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, and 851. (*Id.*). In Count 2, defendant was charged with the possession with intent to distribute crack cocaine, after a prior felony drug conviction, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 851. (*Id.*). In Count 3, defendant was charged with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). (*Id.*). Pursuant to a plea agreement, defendant pled guilty to Counts 1 and 2, with the government dismissing Count 3 at the time of sentencing. (Docket # 87; PSR ¶ 7). Section 2 of the FSA 2010 changed the statutory penalties associated with the federal crime set

forth in Count 1, and defendant committed the offense prior to August 3, 2010. Therefore, defendant was convicted of a "covered offense."

### B. Whether the Sentence Could Have Been Lower if Section 2 of the FSA 2010 Had Been in Effect

The First Step Act provides that the Court may "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." In other words, any reduced sentence should reflect what the defendant's sentence would have been had the FSA 2010 crack cocaine thresholds been in effect when he or she committed the offense. Therefore, by necessary implication, the Court is not authorized to impose a reduced sentence when it is clear that the changes made by sections 2 and 3 of the FSA 2010 (i.e., the crack cocaine quantity thresholds) would have had no impact on the defendant's sentence. Instead, the Court must be convinced that, had the 28 and 280 gram quantity thresholds been in effect at the time of original sentencing, rather than the 5 and 50 gram thresholds, it would have "resulted in a sentence lower than the defendant's original sentence." *United States v. Copple*, 2019 WL 486440, *1 (S.D. Illinois, Feb. 7, 2019).[3]

---

[3] Not only does the text of the First Step Act dictate this requirement by stating that a reduced sentence should be "as if" the revised quantity thresholds were in effect at the time of the offense, but all of the district courts that have issued written opinions on the issue (which, admittedly, is not many) have granted a First Step Act motion only when the FSA 2010 changes would have resulted in a lower sentence. *See e.g., Copple*, 2019 WL 486440 (S.D. Illinois, Feb. 7, 2019) (noting that it has discretion to reduce a sentence only when the revised statutory penalties would result in a lower sentence); *United States v. Logan*, 2019 WL 498519, *1 (D. Kansas, Feb. 8, 2019)(denying defendant's motion to reduce sentence because defendant's guidelines range exceeded the mandatory minimum that would have applied even if

In determining whether defendant's sentence could have been lower under the FSA 2010 drug quantity provisions, the Court should: (1) first, determine the statutory range(s) applicable to the defendant's crack cocaine charge(s) using the FSA 2010 crack cocaine thresholds; and (2) then, if the statutory range is different than the statutory range that applied at the original sentencing, calculate the guideline range that would be applicable for all offenses of conviction. In calculating the guideline range, the Court should continue to apply all original guideline calculations made with respect to any non-crack offenses, and all original determinations that are not related to the crack-quantity issue addressed in the FSA 2010 (such as enhancements for leadership role, use of a weapon, etc.). Nothing in the First Step Act permits reconsideration of statutory or guideline determinations with respect to non-crack offenses or, in crack cocaine cases, any issues not related to quantity. As for the guidelines applicable to the crack offenses,

---

FSA 2010 had been in effect); *United States v. Harris*, 2019 WL 279993, *1-2 (N.D. Oklahoma, Jan. 22, 2019)(denying defendant's motion because defendant was convicted of both crack and powder cocaine, and the powder cocaine charge independently established the original statutory penalties). Indeed, a motion under section 404 of the First Step Act should not place a defendant in a better situation than similarly situated defendants who were sentenced shortly after the amended crack cocaine thresholds were in effect. In analogous circumstances, the Supreme Court has noted that, under reduction motions pursuant to § 3582(c)(2), the district court does "not impose a new sentence in the usual sense." *United States v. Dillon*, 560 U.S. 817, 827 (2010). Instead, according to the Court, the district court is required to determine the amended guideline range "that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Id.* The reasoning in *Dillon* supports a similar analysis under the First Step Act.

however, the government does not object to application of the current version of the drug quantity table contained in USSG §2D1.1.[4]

*Defendant's original sentence*

Defendant pled guilty, with a plea agreement, to Counts 1 and 2, in July 2009. (Docket # 87; PSR ¶ 7). In the plea agreement, defendant admitted that he "participated in the distribution of at least 150 grams of crack cocaine." (Docket # 87; Exhibit 1 at ¶ 15(D); PSR ¶ 25).

The presentence report attributed 150 grams of crack cocaine to defendant. (PSR ¶ 26). Defendant did not object to this drug quantity finding. (*Id.*; Docket # 101). Based on a total offense level 31, and a criminal history category VI, the applicable advisory guidelines range was 188 to 235 months' imprisonment. (PSR ¶ 90). Based on the mandatory minimum, the guidelines range became 240 months' imprisonment. (*Id.*). The Court sentenced defendant to 240 months'

---

[4] It could be argued that the First Step Act does not authorize the Court to alter the original guideline calculation at all. The First Step does not incorporate the provisions of Sections 3582(c)(2) or USSG §1B1.10 related to retroactive guideline amendments. Indeed, the First Step Act specifically made only sections 2 and 3 of the FSA 2010 retroactive, and not section 8. Section 8 directed the Sentencing Commission to adjust the crack guidelines in accordance with FSA 2010. In theory, a defendant should follow a two-step procedure: first moving under the First Step Act to receive the benefit of a new statutory minimum, and second moving under Section 3582(c)(2) to receive the benefit of intervening guideline amendments (such as changes to the drug quantity table in 2D1.1. For practical purposes, however, the government does not object to the Court considering a motion under the First Step Act to also include a request under 3582(c)(2) such that the current version of the drug quantity table contained in USSG §2D1.1 may be considered.

imprisonment, to be followed by a 10-year term of supervised release. (Docket # 101, 104).

## *Impact of FSA 2010*

Based on the 150 grams of crack cocaine found in the PSR, and the 851 notice, the following statutory penalties and guideline calculations would have applied before and after FSA 2010:

| Statutory Range (original) | Statutory Range under FSA 2010 | Guideline Calculation (original) | Guideline Calculation (current version of §2D1.1) |
|---|---|---|---|
| Count 1: 20 years to life 841(b)(1)(A), 851  Count 2: 0 years to 30 years 841(b)(1)(C), 851 | Count 1: 10 years to life 841(b)(1)(A), 851  Count 2: 0 years to 30 years 841(b)(1)(C), 851 | 240 months  §2D1.1  BOL: 32 Gun: +2 A/R: -3 TOL: 31 CHC: VI [range of 188 to 235 months becomes 240 months due to mandatory minimum] | 120 - 137 months  §2D1.1  BOL: 26 Gun: +2 A/R: -3 TOL: 25 CHC: VI [range of 110 to 137 months becomes 120 to 137 months, due to mandatory minimum] |

Under these facts, defendant has established that application of the FSA 2010 crack cocaine thresholds could have "resulted in a sentence lower than the defendant's original sentence." *United States v. Copple*, 2019 WL 486440, *1 (S.D. Illinois, Feb. 7, 2019). Further, upon application of the FSA 2010, defendant's minimum term of supervised release would have decreased from 10 years to 8 years.

## III. EXTENT OF REDUCTION

Defendant seeks immediate release and a reduction of his supervised release term to an 8-year term on Count 1.[5] Based on its review of the facts of this case and the disciplinary and educational records obtained from BOP, the government does not resist a "time served" sentence, subject to the ten-day delay requested in part IV below.

## IV. FURTHER PROCEEDINGS

Defendant is not entitled to a hearing. In cases where a defendant is eligible for a reduction, the reduction is authorized by the First Step Act and by 18 U.S.C. § 3582(c)(1)(B), which states: "The court may not modify a term of imprisonment once it has been imposed except that . . . the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute[.]" Rule 43(b)(4) of the Federal Rules of Criminal Proceedings states that a defendant need not be present where "[t]he proceeding involves the correction or reduction of sentence under . . . 18 U.S.C. § 3582(c). In *Dillon*, the Supreme Court confirmed that sentencing reduction proceedings stand "as a narrow exception to the rule of finality" and accordingly Rule 43, which "requires that a defendant be present at

---

[5] Defendant also requests that his supervised release term be reduced on Count 2 to a term of 6 years. However, the Fair Sentencing Act did not alter any of the statutory penalties in regards to Count 2. The minimum term of supervision for Count 2 at the time of original sentencing was 6 years, just as it is now. (PSR ¶ 95). The Court still imposed a 10-year term of supervision on Count 2, presumably so that it matched the term of supervision that was being imposed for Count 1. If the Court is inclined to reduce the term of supervision, the Court should reduce the term of supervision on Count 2 to an 8-year term, such that it is the same as the supervised release term for Count 1.

'sentencing,' *see* Rule 43(a)(3), . . . excludes from that requirement proceedings that 'involv[e] the correction or reduction of sentence under . . . 18 U.S.C. § 3582(c),' Rule 43(b)(4)." *Dillon*, 560 U.S. at 827-28 (sentence reduction proceedings pursuant to a retroactive guideline amendment do not implicate the Sixth Amendment); *see also See United States v. Johnson*, 703 F.3d 464 (8th Cir. 2013) (proceedings on defendant's motion for a sentence reduction did not implicate a liberty interest protected by the Due Process Clause when reduction was discretionary, noting that "[n]o new deprivation of liberty can be visited upon him by a proceeding that, at worst, leaves his term of imprisonment unchanged.").

Accordingly, in cases involving a sentencing reduction under Section 404, without waiving any right to appeal, the government respectfully recommends the following procedure:

1. If the Court finds defendant eligible and determines that a "time served" sentence is appropriate, then the Court may grant the motion without a hearing.

    - o If this Court grants a reduction of sentence that makes the defendant's release from custody immediate or imminent, the United States requests that the Court delay defendant's release for a period of at least 10 calendar days from the date of the Court's order. This period of delay will enable to BOP (1) to review the defendant for possible civil commitment as a sexually dangerous person, as required by 18 U.S.C. § 4248; (2) to notify victims and witnesses of the release of an offender as required by 18 U.S.C. § 3771; (3) to notify law enforcement officials and sex registration officials of the release of a violent offender or sex offender pursuant to 18 U.S.C. §§ 4042(b) and (c); and (4) to permit adequate time to collect DNA samples pursuant to 42 U.S.C. § 14135a.

2. If the Court finds defendant eligible but is not convinced that a reduction to "time served," or any reduction at all, is appropriate, the Court should

provide the parties a deadline by which to submit any evidence (likely to be BOP-related conduct) for the Court's consideration. The Court may rule based on the uncontested portions of the PSR and the submitted evidence, or it may schedule a hearing.

3. If the Court finds that defendant is not eligible as a matter of law, the Court should deny the motion without a hearing. The issue of eligibility has already been briefed by the parties, and nothing in the First Step Act requires a hearing on a meritless motion.

## V. CONCLUSION

Based on the above, the government does not object to a sentence reduction to "time served" (with the ten-day delay discussed above) on Counts 1 and 2, to run concurrent with one another, with an 8-year term of supervision to follow.

Respectfully Submitted,

PETER E. DEEGAN, JR.,
United States Attorney

By: s/*Shawn S. Wehde*

SHAWN S. WEHDE
Assistant U.S. Attorney
Northern District of Iowa
600 4th Street, Ste. 670
Sioux City, IA 51101
712-255-6011
Shawn.Wehde@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2019 I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the parties or attorneys of record.

UNITED STATES ATTORNEY

BY: /s/ Jean Wordekemper